## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT JAY BERLIN,         :

         :

      Petitioner      :    CIVIL NO. 1:CV-10-01092

         :

    v.       :    (Judge Rambo)

         :

BRIAN BLEDSOE,        :

         :

      Respondent    :

## M E M O R A N D U M

Petitioner Robert Jay Berlin ("Berlin"), an inmate currently incarcerated at the Federal Prison Camp in Lewisburg, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on May 21, 2010, seeking an order compelling Respondent to reconsider the length of his pre-release custody placement in a residential re-entry center ("RRC") in accordance with the Second Chance Act of 2007.  (Doc. 1.)  For the reasons that follow, the petition will be denied.

## I.    Background

Berlin was sentenced on October 21, 2008, in the United States District Court for the District of Connecticut to a thirty-three (33) month term of imprisonment for health care fraud in violation of 18 U.S.C. § 1347.  (Doc. 5-2 at 3-6, Decl. of Joe Lincalis ¶ 2.)  His projected release date is June 12, 2011.  (*Id*. at 4 ¶ 4.)

On April 9, 2008, the Second Chance Act of 2007, Pub. L. No. 110-199, Title II, § 251, 122 Stat. 657, 692 ("Second Chance Act"), codified at 18 U.S.C. §§ 3621, 3624, was signed into law. The Second Chance Act increases the duration of pre-release placement in an RRC from six (6) to twelve (12) months and requires the Bureau of Prisons ("BOP") to make an individual determination that ensures that the placement be "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6)(C). Thereafter, the BOP issued two guidance memoranda, dated April 14, 2008 (Doc. 5-2 at 7-16), and November 14, 2008, both of which required approval from the Regional Director for RRC placements of longer than six (6) months. The interim regulations which were passed on October 21, 2008, state that "[i]nmates may be designated to community confinement as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not to exceed twelve months." 28 C.F.R. § 570.21(a). Moreover, "[i]nmates will be considered for pre-release community confinement in a manner consistent with 18 U.S.C. § 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the time-frames set forth in this part." 28 C.F.R. § 570.22 (Oct. 21, 2008).

Recommendations for RRC placement are ordinarily reviewed with the inmate and Unit Team seventeen (17) to nineteen (19) months prior to the inmate's probable release date. (Doc. 5-2 at 4 ¶ 5.) After approval from the Warden, referrals are then forwarded to the Community Corrections Manager at least sixty (60) days prior to the maximum recommended date. (*Id*. at 4 ¶ 6, citing BOP Program Statement 7310.04, *Community Corrections Center Utilization and Transfer Procedures*.)

On December 9, 2009, Berlin's Unit Team conducted a program review to discuss his anticipated RRC placement and informed him that a recommendation for a 150-180 day RRC placement would be proposed. (Doc. 5-2 at 4-5 ¶¶ 8, 9; Doc. 5-2, Attach. 3, at 46.) The Unit Team's recommendation was based on the facts that bed space is available in Berlin's release district of Connecticut, he was convicted of health care fraud and has no prior criminal convictions, prior to incarceration he was educated as a pharmacist, he participates in inmate skills development programming, his sentence length is relatively short, and there were no known policy statements issued by the United States Sentencing Commission. (Doc. 5-2 at 5 ¶ 9; Doc. 5-2, Attach. 3 at 46.) On March 8, 2010, the proposed recommendation of 180 days was approved by the Warden. (Doc. 5-2 at 5 ¶ 11; Doc. 5-2, Attach. 4 at 48.) Berlin is scheduled for referral to RRC on December 15, 2010. (Doc. 5-2 at 5 ¶ 12.)

Prior to receiving the Warden's approval of the recommendation for RRC placement, Berlin filed a request for administrative relief at the institutional level on January 28, 2010. (Doc. 1-2 at 3, 4; Doc. 5-2 at 54-56, Decl. of Susan Albert, ¶ 5, Attach. 1.) The request was rejected on that same day for failure to first seek informal resolution. (Doc. 5-2, Attach. 1.) On February 9, 2010, Berlin re-filed the request for administrative relief, but it was closed at the institutional level for explanatory reasons only. (*Id*.)

On March 1, 2010, Berlin filed an appeal to the Regional Director's office, which was denied on March 30, 2010. (Doc. 1-2 at 6-8; Doc 5-2 at 55 ¶ 6, Attach. 1.) Next, he filed a Central Office administrative remedy appeal on April 12, 2010. (Doc. 5-2 at 55 ¶ 7, Attach. 1.) The appeal was rejected for procedural errors on April 30, 2010, but Berlin was informed that he could re-file his appeal within fifteen (15) days of the notice of rejection. (*Id*.) In his answer to the petition, Respondent asserts that as of the date of the filing of Albert's declaration, June 8, 2010, Berlin had not filed any additional appeals. (*Id*. at 55 ¶ 8.) As a result, Respondent takes the position that Berlin failed to exhaust his administrative remedies prior to filing the instant petition. However, in his traverse, Berlin asserts that he did not receive a response to his appeal from the Central Office within the time allotted for such a

response, which is forty (40) days, *see* 28 C.F.R. § 542.18, and thus filed the instant

petition on May 21, 2010. (Doc. 6 at 1.) He claims that after he filed the petition, he

received a notice from the Central Office stating that it had not received his previous

appeals. (*Id*.) He claims that he resent them the next day, and attaches a receipt from

the Central Office. (*Id*. at 1, 5.) This receipt indicates that his appeal was received by

the Central Office on May 17, 2010, and a response was not due until June 26, 2010,

or over a month after Berlin filed the instant petition. (*Id*. at 5.)

## II.    Discussion

The habeas statute upon which Berlin relies to challenge the timing of his

pre-release placement, 28 U.S.C. § 2241, unlike other federal habeas statutes,

"confers habeas jurisdiction to hear the petition of a federal prisoner who is

challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251

F.3d 480, 485 (3d Cir. 2001). The Third Circuit Court of Appeals has concluded that

Section 2241 is the appropriate means for challenging a decision to exclude an inmate

from release to an RRC. *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 243-

44 (3d Cir. 2005).

### A.     Exhaustion of Administrative Remedies

Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing habeas claims under Section 2241. *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Id*. at 761-62 (citations omitted).

In order for a federal prisoner to exhaust his administrative remedies, he must comply with 28 C.F.R. § 542. *See* 28 C.F.R. § 542.10, *et seq*.; *Lindsay v. Williamson*, No. 1:CV-07-0808, 2007 WL 2155544, at *2 (M.D. Pa. July 26, 2007). An inmate first must informally present his complaint to staff, and staff must attempt to informally resolve any issue before an inmate files a request for administrative relief. 28 C.F.R. § 542.13(a). An inmate has twenty (20) calendar days from the date of the alleged injury within which to complete this informal resolution process. *Id*. at § 542.14(a). If unsuccessful at informal resolution, the inmate may raise his complaint

with the warden of the institution where he is confined. *Id*. If dissatisfied with the response, he may then appeal an adverse decision to the Regional Office, and if unsuccessful on this appeal, he may appeal to the General Counsel or Central Office of the BOP. *Id*. at §§ 542.15(a) and 542.18. General Counsel has forty (40) calendar days to respond. *See id*. at § 542.18. If at any point an inmate misses a deadline imposed by the federal regulations, BOP policy requires that the inmate seek an extension of time within which to file his grievance. *See id*. at § 542.14(b). Acquisition of an extension requires that an inmate provide a "valid reason for the delay." *Id*. Finally, no administrative appeal is considered finally exhausted until a decision is reached on the merits by the BOP's Central Office. *See Sharpe v. Costello*, No. 08-1811, 2008 WL 2736782, at *3 (3d Cir. July 15, 2008).

In the instant case, Respondent claims that Berlin failed to exhaust his administrative remedies with respect to his RRC placement because he had not re-filed his appeal to the Central Office, as instructed, by the time the declaration outlining his exhaustion attempts was filed on June 8, 2010. However, in response to this contention, Berlin has attached to his traverse a receipt from the Central Office dated June 9, 2010, which indicates that the re-filed appeal from Berlin was received by that office on May 17, 2010, and that a response was due on June 26, 2010.

Neither party has indicated the result of that appeal. In the interests of judicial

economy and because the parties have briefed the merits of the petition, the court will

not seek a further response on the issue of exhaustion of administrative remedies.

Rather, the court will address the merits of the petition.

## B.     Merits

The BOP has authority to determine inmate placements according to 18 U.S.C.

§§ 3621(b) and 3624(c). Section 3621(b) gives the BOP authority to determine the

location of an inmate's imprisonment by considering (1) the resources of the facility

contemplated; (2) the nature and circumstances of the offense; (3) the history and

characteristics of the prisoner; (4) any statement by the sentencing court concerning

the purpose for which the sentence was imposed or a recommendation of a particular

type of correctional facility; (5) any pertinent policy statement issued by the

Sentencing Commission pursuant to section 994(a)(2) of Title 28. Section 3624(c)

"describes the BOP's obligation to prepare prisoners for community re-entry by, *inter*

*alia*, placing them in community confinement." *Woodall v. Fed. Bureau of Prisons*,

432 F.3d 235, 239 (3d Cir. 2005). When considering an individual's eligibility for

pre-release placement in an RRC, the BOP is required to ensure that decisions are

made: (A) consistent with the five factors in 18 U.S.C. § 3621(b); (B) on an

individualized basis; and (C) so that the duration of the placement period gives the

inmate the greatest likelihood of successful community reintegration.  18 U.S.C. §

3624(c)(6).

Berlin argues that the BOP denied him up to twelve (12) months of pre-release

RRC placement due to illegal BOP policy that limits pre-release RRC placement to

six (6) months or less.  (Doc. 1 at 18.)  He also argues that the BOP failed to properly

consider his individual facts and circumstances under the factors listed in 18 U.S.C. §

3621(b) in violation of BOP policy.  (*Id*.)  He states that he sought "extra" RRC

placement for the following reasons:

> (1) I am filing bankruptcy.  Petitioner has no assets and many bills.
> (2) Petitioner was sole provider. Neither he or wife made significant income in 2009.  Wife is an artist.
> (3) Petitioner's restitution is around $564,000.
> (4) I have no field to practice in and therefore may need to be reeducated. On December 8, 2008, my pharmacy license was revoked/suspended. There is no guarantee it will be reinstated.
> (5) Petitioner has health issues.  There is a history of open heart surgery, degenerative disc disease in the back which since has affected the hips, COPD, and since he has been incarcerated he has developed a hydracele which the urologist says needs to be operated on.  As of this signing, the operation has not occurred.
> (6) Wife may lose house making her and petitioner homeless. The mortgage remaining on the house is about $60,000 and there is a lien on it of $117,000 which has accrued interest for 2 years with no income coming in the mortgage is in jeopardy and the payments on the lien are beginning soon after the Petitioner's expected release.
> (7) There are other unpaid bills.  Bankruptcy may be the only option.

9

(8) Petitioner's daughter is in college. Petitioner may have to be
working for her to secure student loans.

(*Id*. at 16-17.)

In support of his position, Berlin relies on the case of *Krueger v. Martinez*, 665

F.Supp. 2d 477 (M.D. Pa. 2009), in which this court found that: (1) the agency

requirement of prior Regional Director approval for 12-month RRC placements; and

(2) the agency's stated position that an inmate's pre-release RRC needs can usually be

accommodated by a placement of six months or less, so restrict inmate access to the

12-month RRC programs permitted under the Second Chance Act that they constitute

an abuse of discretion by the BOP. *Id*.; *see also Strong v. Schultz*, 599 F.Supp. 2d

556 (D. N.J. 2009). In *Krueger*, this court also observed that in making its particular

RRC placement the agency appeared to have failed to consider a statutory

requirement under 42 U.S.C. § 17541 that the BOP use early RRC placements to

create incentives for inmates to participate in educational programs. *Krueger*, 665

F.Supp. 2d at 484-86. The court granted habeas relief, and directed the agency to

reexamine its decision without taking into consideration the general agency policy

guidance which the court found to violate the goals of the Act.

Since this holding, however, the majority view of the courts has been that the

BOP's requirement of Regional Director approval, and the agency's stated view that

many inmates can have their needs met through 180-day RRC placements, do not violate the Second Chance Act. *See Stokes v. Norwood*, No. 10-5645, 2010 WL 1930581, at *6 (D. N.J. May 12, 2010) (collecting cases); *see also McDonald v. Obama*, Civ. No. 1:10-cv-379, 2010 WL 1526443, at *6 (Mar. 15, 2010) (collecting cases); *Wires v. Bledsoe*, No. 09-2247, 2010 WL 427769, at *4 (M.D. Pa. Feb. 3, 2010) (finding that the record clearly established that the petitioner's unit team gave petitioner individualized consideration for RRC placement consistent with the five factors of section 3621(b)).

In the instant case, in evaluating Berlin's eligibility for RRC placement, the Unit Team considered the resources of the facility contemplated and noted that bed space was available in the Connecticut area. (Doc. 5-2 at 46.) The Team also considered the nature of the offense of health care fraud, that Berlin's current offense was a non-violent offense, and the fact that he has no prior criminal convictions. (*Id*. at 46, 48.) It was noted that his occupation was a pharmacist and that he will reside with his wife when released from custody. (*Id*.) Also considered was the district court's recommendation that Berlin be housed in a facility near Connecticut. (*Id*.) It was noted that he had completed the Basic Nutrition class and FDIC module, and that he is enrolled in the Inmate Financial Responsibility Program. (*Id*. at 46, 48.) The

11

record here clearly establishes that Berlin's Unit Team gave him individualized

consideration consistent with the factors of section 3621(b).  As a result, the instant

petition will be denied.

## III.  **Conclusion**

Based on the foregoing, the petition for writ of habeas corpus (Doc. 1) will be

denied.  An appropriate order will issue.

> S/SYLVIA H. RAMBO
> United States District Judge

Dated: September  8, 2010.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT JAY BERLIN,** | : | |
| | : | |
| **Petitioner** | : | **CIVIL NO. 1:CV-10-01092** |
| | : | |
| **v.** | : | **(Judge Rambo)** |
| | : | |
| **BRIAN BLEDSOE,** | : | |
| | : | |
| **Respondent** | : | |

# **O R D E R**

**AND NOW**, for the reasons set forth in the accompanying memorandum, **IT IS**

**HEREBY ORDERED THAT**:

1) The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

2) The Clerk of Court is directed to **CLOSE** this case.


                                        S/SYLVIA H. RAMBO
                                        United States District Judge



Dated: September  8, 2010.